UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID F. GREENE, III,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOHN DOVEY,<br><br>　　　　Respondent. | No. EDCV 08-99 GHK (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED** |

　　On January 24, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons discussed below, it appears that the one-year statute of limitations has expired.

　　The Court orders Petitioner to show cause, on or before **March 4, 2008**, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///

///

///

///

# I.

# **PROCEDURAL HISTORY**

According to the Petition, Petitioner entered a guilty plea and was sentenced by the state trial court on October 1, 2003. (Petition at 1.) The sentence was 10 years, 4 months. (*Id.* at 5.) Petitioner did not appeal. (*Id.* at 1.)

Petitioner filed his first state habeas petition on April 16, 2007, based on *Cunningham v. California*, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). (*Id.* at 3; *Id.* App. I.) The Superior Court denied relief in April 2007. (*Id.* at 4.) The California Court of Appeal denied Petitioner's state habeas petition. (*Id.* at 4; *Id.* App. II.) On September 25, 2007, the California Supreme Court denied Petitioner's state habeas petition. (Petition, App. III.)

# II.

# **STATUTE OF LIMITATIONS**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.     The Date on Which Conviction Became Final**

Based on the record before the court, Petitioner was convicted on October 1, 2003. (Petition at 1.) Petitioner's state court conviction became final 60 days later on December 1, 2003. California Rules of Court 30.1(a), (d).

Accordingly, the one-year statute of limitations expired no later than December 1, 2004. Petitioner signed his federal habeas petition on December 25, 2007, and mailed it on January 10, 2008. (Petition at 7 & proof of service attached thereto.)

Therefore, the Petition is time-barred unless the statute of limitations was tolled. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the Petition indicates that Petitioner's first state habeas petition was filed on April 16, 2007, over 2 years after the statute of limitations expired. (Petition, App. I.) A state habeas petition filed after the limitations has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004). Given that Petitioner does not appear to have filed any habeas petitions in state court before expiration of the one-year statute of limitations, the limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).[1]

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 127 S. Ct. at 1085. Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Petition does not indicate any basis for equitable tolling.

**B.   The Date of the Cunningham Decision**

The Supreme Court issued its decision in *Cunningham* on January 22, 2007. Petitioner appears to argue that the statute of limitations should start running on "the date on which the constitutional right asserted was initially recognized by the Supreme

---

[1] The one-year statute of limitations is not tolled while a federal habeas petition is pending. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C); *see Dodd v. United States*, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). In *Dodd*, the Supreme Court addressed a provision in 28 U.S.C. § 2255[2] that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

> The limitation period shall run from the latest of-
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The court held that the statute starts running on the date the court recognizes the right, not on the date the court makes it retroactively applicable. *Id.* at 358.[3] However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met." *Dodd*, 545 U.S. at 359.

Applying *Dodd* to the instant petition, the Supreme Court decided *Cunningham* on January 22, 2007. For a petition based on *Cunningham* to be timely under 28 U.S.C. § 2244(d)(1)(C), it would (1) have to be filed no later than January 22, 2008; (2) the Supreme Court would have to recognize *Cunningham* as a new rule no later than January 22, 2008; and (3) the Supreme Court would have to declare *Cunningham* retroactive no later than January 22, 2008. The Supreme Court has not recognized *Cunningham* as a new rule, nor has it declared *Cunningham* retroactive.[4] Therefore,

---

[2] Under Section 2255, a federal prisoner may challenge his or her sentence as unconstitutional.

[3] "*Dodd* is equally applicable to section 2244(d)(1)(C)." *Johnson v. Robert*, 431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

[4] To date, no circuit court has addressed the issue of *Cunningham*'s retroactivity. *See Dodd*, 545 U.S. at 365 n.4 (Stevens, J., dissenting). Those district courts that have addressed the issue have concluded *Cunningham* should not be applied retroactively. *See, e.g., Perry v.*

4

the petition is time-barred. *See Dodd*, 545 U.S. at 358 ("¶ 6(3)'s date – 'the date on which the right asserted was initially recognized by the Supreme Court' – does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied"); *see Johnson v. Robert*, 431 F.3d 992 (7th Cir. 2005) (applying *Dodd* under § 2244(d)(1)(C)).

## IV.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **March 4, 2008**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why his Petition is not barred by the statute of limitations.

***Accordingly, if Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court order the petition dismissed, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: January 31, 2008

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

---

*Carey*, 2007 WL 3095608, *10 n.11 (E.D. Cal. 2007); *Buckley v. Nakayema*, 2007 WL 926520, *6 (E.D. Cal. 2007); *Dropalski v. Stewart*, 2007 WL 963989, *1 (W.D. Wash. 2007); *Luna v. Vasquez*, 2007 WL 2994669, *8 (E.D. Cal. 2007) (no retroactivity and list of district cases in accord).