FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 21 2008

CENTRAL DISTRICT OF CALIFORNIA
BY  m p  DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DAVID F. GREENE, III,<br><br>                Petitioner,<br><br>       v.<br><br>JOHN DOVEY,<br><br>                Respondent. | No. EDCV 08-0099-GHK (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Final Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: 9/21/08

GEORGE H. KING
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. GREENE, III <br><br> Petitioner, <br><br> v. <br><br> JOHN DOVEY, <br><br> Respondent. | NO. EDCV 08-0099-GHK (AGR) <br><br> FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Final Report and Recommendation to the Honorable George H. King, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be denied.

///
///
///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

On October 1, 2003, Petitioner entered a guilty plea to violations of Cal. Health & Safety Code § 11351 (unlawful possession of controlled substance for sale), Cal. Penal Code § 245(A)(1) (assault with a deadly weapon), Cal. Penal Code § 12021(A)(1) (ex-felon in possession of firearm), and Cal. Penal Code § 422 (terrorist threat). (Petition at 2 & Exh. A at 2.) The Superior Court sentenced him to 10 years, 4 months in state prison. (Petition at 5.) Petitioner did not appeal. (*Id.* at 2.)

Petitioner filed his first state habeas petition on April 16, 2007, based on *Cunningham v. California*, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). (*Id.* at 3; *Id.* App. I.) The Superior Court denied relief in April 2007. (*Id.* at 4.) On September 25, 2007, the California Supreme Court denied Petitioner's state habeas petition.[1] (Petition, App. III.) On October 23, 2007, Petitioner filed a state habeas petition in the California Court of Appeal. (*Id.*; *Id.* App. II.) The California Court of Appeal denied Petitioner's state habeas petition on October 26, 2007. (*Id.* at 4.)

On January 10, 2008, Petitioner mailed his Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"), which was filed in this court on January 24, 2008.

On February 4, 2008, this Court issued an Order to Show Cause Why this Action Should Not Be Dismissed based on expiration of the statute of limitations. The Court ordered Petitioner to respond to the Order to Show Cause on or before March 4, 2008. The Court expressly warned that "if Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court order the petition dismissed, with prejudice, based on expiration of the one-year

---

[1] The court's online docket indicates that Petitioner filed the habeas petition before the California Supreme Court on May 21, 2007 (Case No. S152785).

statute of limitations." The Order to Show Cause was not returned by the postal service as undeliverable.

Petitioner did not respond to the Order to Show Cause. However, on February 21, 2008, Petitioner filed a Notice of Change of Address. The proof of service was dated February 9, 2008, and the Notice was dated January 21, 2008.

On March 21, 2008, this Court issued a minute order directing the Clerk to send a copy of the Order to Show Cause and the minute order to Petitioner's new address. The Court extended the time for Petitioner to respond to the Order to Show Cause to April 21, 2008. The mail was not returned by the postal service as undeliverable.

Petitioner did not respond to the Order to Show Cause and did not request an extension of time to do so.

On May 7, 2008, this Court issued a Report and Recommendation. On July 22, 2008, Petitioner filed an "Opposition to Magistrate Judge's Report and Recommendation Issued May 7, 2008" ("Opposition"). The Opposition stated, for the first time, that Petitioner did not receive either Order to Show Cause.[2] (Opposition at 5 n.3.)

On July 31, 2008, this Court issued an order that the Opposition be deemed a response to the Order to Show Cause. Petitioner was advised that a Final Report and Recommendation will issue. This matter is ready for decision.

## II.

## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA

///

---

[2] Previously, on June 11, 2008, Petitioner filed a motion for extension of time to file an opposition to the Report and Recommendation. That motion did not notify the court that Petitioner had not received either Order to Show Cause.

in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final

Based on the record before the court, Petitioner was convicted on October 1, 2003. (Petition at 2.) Petitioner's state court conviction became final 60 days later on December 1, 2003. California Rules of Court 30.1(a), (d).

Accordingly, the one-year statute of limitations expired no later than December 1, 2004. Petitioner signed his federal habeas petition over three years later on December 25, 2007, and mailed it on January 10, 2008. (Petition at 7 & proof of service attached thereto.)

Therefore, the Petition is time-barred unless the statute of limitations was tolled. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). There is no tolling from the time a petitioner's conviction becomes final and the filing of the first state habeas petition because there is no case "pending" during that period. *See Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007).

The Petition indicates that Petitioner's first state habeas petition was filed on April 16, 2007, over 2 years after the statute of limitations expired. (Petition, App. I.) A state habeas petition filed after the limitations has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004). Given that Petitioner does not appear to have filed any habeas petitions in state court before expiration of

the one-year statute of limitations, the limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).[3]

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 127 S. Ct. at 1085. Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Petitioner has not met his burden to establish either element of equitable tolling. Petitioner's ignorance of the law does not justify equitable tolling. *See Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner also appears to argue that he was misinformed by appellate counsel.[4] However, attorney error is not sufficient to warrant equitable tolling, "particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence,* 127 S. Ct. at 1085.

## B. The Date of the Cunningham Decision

The Supreme Court issued its decision in *Cunningham* on January 22, 2007. Petitioner appears to argue that the statute of limitations should start running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

---

[3] The one-year statute of limitations is not tolled while a federal habeas petition is pending. *Lawrence v. Florida,* 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

[4] Petitioner does not identify appellate counsel. Petitioner did not file a direct appeal and there is no indication Petitioner had appellate counsel during state habeas proceedings.

28 U.S.C. § 2244(d)(1)(C); see Dodd v. United States, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). In Dodd, the Supreme Court addressed a provision in 28 U.S.C. § 2255[5] that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

> The limitation period shall run from the latest of-
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The court held that the statute starts running on the date the court recognizes the right, not on the date the court makes it retroactively applicable. Id. at 358.[6] However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met." Dodd, 545 U.S. at 359.

Applying Dodd to the instant petition, the Supreme Court decided Cunningham on January 22, 2007. For a petition based on Cunningham to be timely under 28 U.S.C. § 2244(d)(1)(C), it would (1) have to be filed no later than January 22, 2008; (2) the Supreme Court would have to recognize Cunningham as a new rule no later than January 22, 2008; and (3) the Supreme Court would have to declare Cunningham retroactive no later than January 22, 2008. See Dodd, 545 U.S. at 359 (applicant "will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year"); Johnson, 431 F.3d at 992 (statute runs from date

---

[5] Under Section 2255, a federal prisoner may challenge his or her sentence as unconstitutional.

[6] "Dodd is equally applicable to section 2244(d)(1)(C)." Johnson v. Robert, 431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

6

that the right was initially recognized, "even if the Court does not declare that right to be retroactive until later"). The Supreme Court has not recognized *Cunningham* as a new rule, nor has it declared *Cunningham* retroactive.[7] Therefore, the petition is time-barred. *See Dodd*, 545 U.S. at 358 ("¶ 6(3)'s date – 'the date on which the right asserted was initially recognized by the Supreme Court' – does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied"); *see Johnson*, 431 F.3d at 992 (applying *Dodd* under § 2244(d)(1)(C)).

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation, (2) granting Respondent's motion to dismiss, and (3) directing that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: August 4, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[7] The Ninth Circuit recently held that *Cunningham* did not announce a new rule of constitutional law. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). Rather, *Cunningham* "applied the rule of *Blakely* to a distinct but closely analogous state sentencing scheme." *Id.* at 636; *see Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The *Blakely* decision was issued on June 24, 2004, after Petitioner's conviction became final on December 1, 2003, and does not apply retroactively to cases on collateral review. *Schardt v. Payne*, 414 F.3d 1025, 1034-37 (9th Cir. 2005).

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.